NO. 93-155

IN THE sUPREME COURT OF THE STATE OF MONTANA

1993

WADE E. and BARBARA A. WOITH, et al.,

    Plaintiffs and Appellants,

V.

CASCADE COUNTY TREASURER:
MONTANA DEPARTMENT OF REVENUE,

    Defendants and Respondents

NOV 2 3 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Robert P. Goff (argued) and Kristen G. Juras,
Church, Harris, Johnson & Williams,
Great Falls, Montana

    For Respondents:

        Lawrence G. Allen, Tax Counsel (Argued), and
David W. Woodgerd, Chief Legal Counsel,
Montana Department of Revenue; Patrick Paul,
Cascade County Attorney, Great Falls, Montana

                Submitted:  October 13, 1993

                  Decided:  November 23, 1993

Filed:

_____
          Clerk

Justice William El. Hunt, Sr., delivered the opinion of the Court.

Appellants, Wade and Barbara Woith (Woiths), appeal from an order of the Eighth Judicial District Court, Cascade County, denying them summary judgment and granting summary judgment to respondents, Cascade County Treasurer and Montana Department of Revenue (DOR). Woiths are a certified class of Cascade County taxpayers affected by real property tax appraisal adjustments implemented by DOR in 1990.

We reverse and remand.

The issue is whether Woiths were barred from proceeding under §§ 15-1-406 through -408 and 15-2-307 through -310, MCA (repealed 1993) in 1990 with a declaratory judgment action to protest House Bill 703's tax assessment method?

The District Court found that because Woiths failed to file administrative appeals from their 1989 property tax assessments pursuant to § 15-15-102, MCA (1989), they did not successfully preserve their appeal. The court relied on Department of Revenue v. Barron (1990), 245 Mont. 100, 799 P.2d 533.

In Barron, we held that portions of House Bill 703 (ch. 636, 1989 Mont. Laws 1628) relating to stratified-sales assessment ratio studies (codified at § 15-7-111, MCA (1989)) were unconstitutional, and that the values arrived at by using such procedures are invalid. Further, we held that the effect of our ruling would be applied prospectively (after December 31, 1990) and in limiting language denied relief to taxpayers except as to:

2

> those cases now pending on appeal, or properly appealed by the property owners. (This means those cases heretofore appealed within the time provided for taxpayer appeals at the local or state level and now pending on the grounds of unconstitutionality found to exist in this proceeding, and includes those previously appealed on those grounds and denied at the county or state level; but, no other appeals on the grounds covered herein shall be recognized.)

Barron, 799 P.2d at 542.

Woiths claim that before the deadline for filing appeals pursuant to § 15-15-102, MCA (1989), had passed, they chose not to utilize that remedy. Instead, Woiths claim that in June 1990 they had chosen to oppose DOR's tax assessment pursuant to the alternative remedy in §§ 15-1-406 through -410 and 15-2-307 through -310, MCA (1989). Section 15-1-406, MCA, provided in pertinent part:

> **Alternative remedy -- declaratory judgment.** (1) An aggrieved taxpayer may, in lieu of proceeding under 15-1-402, bring a declaratory judgment action in the district court seeking a declaration that a tax levied by the state or one of its subdivisions was illegally or unlawfully imposed or exceeded the taxing authority of the entity imposing the tax.

Similarly, § 15-2-307, MCA, provided:

> **Challenge to assessment rules or procedures.** An aggrieved taxpayer may, in lieu of proceeding under Title 15, chapter 15, part 1, bring a declaratory judgment action in the district court seeking a declaration that a method or procedure of assessment of property adopted or utilized by the department of revenue is illegal or improper.

Woiths claim that the District Court inaccurately applied Barron to them. We agree. In the Barron case, on August 3, 1990, we accepted DOR's petition for an original proceeding which requested a writ of review, a writ of supervisory control, or other

3

appropriate emergency writ for relief from an order of the State Tax Appeal Board. That order, upon the protest of Ms. Barron, declared portions of HB 703 unconstitutional. Nowhere in that proceeding, or in our later discussion in Barron, did we either consider taxpayers like those in Woiths' situation, or rule on the availability or unavailability of alternative statutory remedies. Although in Barron we denied relief to all taxpayers except as to those who had filed administrative appeals before October 12, 1993, we did not limit taxpayers' alternative statutory remedies then granted by the Montana Legislature.

In November 1990, in lieu of using the administrative appeal process suggested to all taxpayers by DOR and available in § 15-15-102, MCA (1989), Woiths permissibly contested HB 703 property tax assessments through alternative statutory remedies. Therefore, we hold that Woiths were not barred from utilizing alternative statutory remedies by our decision in Barron.

We reverse and remand to the District Court for further proceedings in accordance with the provisions of this opinion.

_____
Justice

We concur:

_____
Chief Justice

4

John Conway Harrison

Karla M. Gray

_____

_____

_____
Justices

Justice Terry N. Trieweiler specially concurring.

I concur with the result of the majority opinion, but not with its method of arrival.

I disagree with the majority's conclusion that our decision in *Department of Revenue v. Barron* (1990), 245 Mont. 100, 799 P.2d 533, did not bar refunds for taxpayers like the plaintiffs who chose to proceed pursuant to §§ 15-1-406 and 15-2-307, MCA (1989).

In language with which I strongly disagree, this Court made very clear that while the appraisal method provided for in House Bill 703 was unconstitutional, its ruling would be applied prospectively except for taxpayers who had objected to the assessment by administrative appeal pursuant to § 15-15-102, MCA (1989).

In language that could not be more clear, this Court held that:

> Because of the statewide effect of this decision, because of the short period of time remaining for state and county offices to perform their duties in connection with the collection of property taxes for the year 1990, and the extenuating exigencies which would otherwise be created by an immediate effect of this decision, we hereby delay the effective date of this decision, and make its effect prospective only to December 31, 1991, except for those cases now pending on appeal, or properly appealed by the property owners. (This means those cases heretofore appealed within the time provided for taxpayer appeals at the local or state level and now pending on the grounds of unconstitutionality found to exist in this proceeding, and includes those previously appealed on those grounds and denied at the county or state level; but, no other appeals on the grounds covered herein shall be recognized.) The effect of this prospective stay is that as to all property affected by the stratified sales assessment ratio studies, except those herein stated, the values for tax purposes for the tax year 1990 shall be

those found and applied by the DOR under said studies. [Emphasis added].

*Barron*, 799 **P.2d** at 542.

The taxpayers who brought this action had not commenced administrative appeals at the time of this Court's decision in *Barron*. They clearly were among that class of people whose property values for tax purposes during the year 1990 were to be based, according to our opinion, on the stratified sales assessment ratio studies.

However, I would reverse that part of the *Ban-on* decision which limited the constitutional protection afforded by that decision to those taxpayers identified in that decision.

By affording the protection of our Constitution to those who challenged the **DOR's** method of assessment pursuant to one statutorily authorized procedure, and denying the Constitution's protection to those who chose to challenge the same assessment method by an equally valid statutory procedure, I conclude that the above quoted portion of the *Barron* decision denied the plaintiffs in this case full legal redress in violation of Article II, Section 16, of the Montana Constitution, denied them due process in violation of Article II, Section 17, of the Montana Constitution, and denied them equal protection of the law in violation of Article II, Section 4, of the Montana Constitution.

Furthermore, by its "selective prospective" application of our constitutional protections, this Court, in *Barron*, violated the

7

principles for application of constitutional law set forth by the United States Supreme Court in **James B. Beam Distilling Company v. Georgia (1991)**, 111 s. ct. 2439, 115 L. Ed. 2d 481.

The DOR's position on appeal is that we can afford the protection of Montana's constitutional rights to those who seek enforcement of those rights by one allowable statutory method, and deny those same rights to people who seek their protection through an equally allowable, but different, statutory method. This argument exalts form over substance, and if accepted, would make a sham of the Constitution, which must prevail over all statutory enactments. The fundamental fault with the *Barron* decision is the notion that constitutional rights can be selectively applied. Those rights belong to everyone by virtue of their citizenship in the State of Montana.

Therefore, while I concur in the result of the majority opinion, I disagree with its reasoning. I would reverse that part of the *Barron* decision which made its application prospective except for those people who had filed appeals through the administrative process, and would hold, as we are required to by the U.S. Supreme Court's decision in *James B. Beam*, 111 S. Ct. at 2448, that "when the court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or *res judicata*."

_____
Justice

8

November 23. 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Robert P. Goff and Kristen G. Juras
Church, Harris, Johnson & Williams
P. 0. Box 1645
Great Falls, MT 59403

David W. Woodgerd, Chief Legal Counsel
Lawrence G. Allen, Counsel
Montana Department of Revenue
Mitchell Building
Helena, MT 59620

Patrick L. Paul
County Attorney
Cascade County Courthouse
Great Falls, MT 59403


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy